(21 Misc. Rep. 613.)

## WATKINS v. PETERS.

(Supreme Court, Appellate Term. November 24, 1897.)

ACTION ON NOTE—PLEADING—WANT OF CONSIDERATION—EVIDENCE.

In an action upon promissory notes, defendant pleaded want of consideration, and introduced evidence that the notes had been given for money which plaintiff had loaned to defendant in consideration of loans of stock from defendant to plaintiff, and were to be paid by defendant only from the proceeds to be derived from sales of the stock after plaintiff should return it again to defendant. *Held*, that this was a distinct affirmative defense, which could not be availed of under the defense pleaded.

Appeal from city court of New York, general term.

Action by Benjamin F. Watkins against Augustus M. Peters. From a judgment of the general term (46 N. Y. Supp. 254), affirming a judgment in favor of defendant entered on a verdict of a jury, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Robert L. Harrison and Alfred H. Byrd, for appellant.
J. W. & C. W. Ridgeway, for respondent.

DALY, P. J. The plaintiff sought to recover upon four promissory notes made by the defendant to plaintiff's order, all dated March 8, 1885, at 3, 6, 9, and 12 months, respectively, the first for $329.98, the second for $334.96, the third for $339.90, and the last for $344.77, each of these sums representing $325 principal, with interest. The defense to the notes was want of consideration, and the jury rendered a verdict in defendant's favor. It is claimed by plaintiff that defendant's evidence tended to prove, not want of consideration, but a counterclaim or set-off, which was not pleaded. The evidence was duly objected to when offered, and, being admitted by the court on the ground that it might tend to show that there was no consideration for the note by reason of the transactions between the parties, the plaintiff, after such evidence was in, moved to strike it out as not being within the issues raised by the pleadings. Upon exceptions taken by plaintiff to the ruling of the court against him on this question, the appeal is now before us.

The notes were admittedly renewals for notes originally given for money advanced by plaintiff to defendant by way of loans, so that there was undoubted consideration for the notes. The evidence, however, disclosed that these advances of money were made against loans of stock from defendant to plaintiff, the transactions being substantially as follows: In 1889 the defendant at the plaintiff's request, and for his accommodation, lent him, first 100, and then 60, shares of the stock of the American Cotton-Seed Company,

and afterwards, in 1893, 40 additional shares and 40 shares of other stock. The loans of money were made from time to time, partly in 1889 and partly afterwards, and were made in consideration of the loans of stock, and there is evidence of an understanding or agreement that, when the stock should be returned, the defendant should sell it, and with the proceeds repay the plaintiff the loans and take up the notes. The transactions in question— the loan of stock by the defendant to the plaintiff, and the loan of money by the plaintiff to the defendant—were independent, except that the loans of money were made in consideration of the loans of stock, and that the alleged agreement to provide for the notes out of the stock when returned was founded upon that consideration. This agreement was, however, collateral to the loan of money, and in no wise justified the finding that the notes were without consideration, for the fact remains that they were given for actual loans of money. The defense to the enforcement of the notes was therefore, not that they were made without consideration, but they were to be paid in a particular way or out of a particular fund, to wit, by the sale of the defendant's stock when plaintiff returned it. This was not a counterclaim, but an affirmative defense, and was not pleaded. The exceptions of the defendant, therefore, to the denial of his motion to strike out the evidence, which had been taken under his objection, present error for which the judgment should be reversed and a new trial ordered. This will give the defendant ample opportunity to seek by amendment to set up his true defense. Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.